**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| STEWART BITMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-CV-154-RWS-JBB |
| | § | |
| WARDEN J. JOHNSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Stewart Bitman, a prisoner confined in the Federal Correctional Institution at Texarkana ("FCI-Texarkana") proceeding *pro se*, filed the above-styled and numbered civil action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), complaining of alleged violations of his constitutional rights. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. The named Defendants are Warden J. Johnston, Trust Fund Manager Vuksich, and Trust Fund Supervisor Kennedy.

**I.     Plaintiff's Complaint**

Plaintiff complains that when he arrived at FCI-Texarkana, one or more of the Defendants placed restrictions in the Trust Fund Limited Inmate Computer System (TRULINCS), preventing Plaintiff from having access to TRULINCS that Plaintiff contends is routinely available to other inmates. Docket No. 1 at 3. When Plaintiff filed a grievance, the warden advised him that such a restriction was proper because Plaintiff used electronic communications in the commission of his offense. *Id.* at 3–4. Plaintiff appealed this grievance to the Regional and Central Offices, but the denial was upheld. *Id.* at 4.

In his appeal to the Regional Office, Plaintiff argued that there was no justification for preventing him from emailing his family and his lawyers. Docket No. 1-2 at 3. Plaintiff asserted that under Bureau of Prisons ("the Bureau") Policy Statement 4500.12-14.9(a), an inmate's exclusion from participation must be based on an individual history of behavior which could jeopardize legitimate penological interests, and inmates should not be excluded based on general categorizations of previous conduct. *Id.* Plaintiff also contended that the staff was discriminating against sex offenders by not allowing them access to TRULINCS, arguing that restricting access based on the offense of conviction would result in excluding inmates who were convicted of fraud, money laundering, or other crimes using electronic means of communication, but these inmates were not so excluded. *Id.* at 4. The regional director's response to Plaintiff's grievance appeal explained that the purpose of the varying degrees of restrictions in TRULINCS was to prevent inmates with the propensity to commit further criminal acts from communicating with the victims or potentially harming new individuals. *Id.* at 2. The regional director reviewed Plaintiff's current offense and determined that he been appropriately excluded from using TRULINCS, but that Plaintiff could utilize the TRUFONE telephone system and written letters to correspond with family members. *Id.*

In his grievance appeal to the Central Office, Plaintiff complained that the regional director's decision was a blanket denial of system usage, which was contrary to the applicable program statement, and that because the determination was made by a person with a position below the associate warden, such a determination was inappropriate. *See* Docket No. 1-3 at 4. Plaintiff asserted that the determination must be based on individual history rather than general categorizations of previous conduct, and requested that the blanket denial of access be overturned. *Id.* at 4–5.

In response, the administrator of national inmate appeals explained that according to Bureau Program Statement 4500.12, inmates may be excluded from TRULINCS participation based on their individual history of behavior which could jeopardize the legitimate safety, security, or orderly operation of the facility or the protection of the public and staff. Docket No. 1-3 at 2. The response further stated that the Central Office's review of the record shows that Plaintiff meets the criteria for exclusion from public messaging in TRULINCS, and that staff had reviewed Plaintiff's individual history of behavior and determined that his access to TRULINCS would pose a threat to the safety, security, or orderly running of the institution or the protection of the public. *Id.*

In his lawsuit, Plaintiff asserts that he was denied equal protection when he was singled out as a member of an identifiable class of individuals, *i.e.*, being inmates convicted of a sex crime, and treated differently from other inmates who were also convicted of crimes involving electronic communications. Docket No. 1 at 4.

## II.    Magistrate Judge's Report and Recommendation

After reviewing the pleadings and analyzing Bureau Program Statement 4500.12, the magistrate judge issued a report and recommendation, recommending that the lawsuit be dismissed with prejudice. Docket No. 7.

### A.    Plaintiff's Offenses

The magistrate judge first observed that Plaintiff had been charged with four counts of enticement of a minor, two counts of production of child pornography, attempted production of child pornography, and two counts of receipt of child pornography. Docket No. 7 at 3. Plaintiff pleaded guilty to the four enticement of a minor counts, and the factual proffer showed that Plaintiff used a social media application called Snapchat to engage in sexually explicit

communications with numerous minor females requesting that they perform sex acts and produce sexually explicit videos for him. *Id.* at 3–4. The females stated in the proffer ranged from 13 to 15 years old. *Id.* at 4; *see also United States v. Bitman*, crim. no. 0:21-cr-60248 (S.D. Fla. June 22, 2022).

### B.      Bureau Program Statement 4500.12-14.9(a)

Bureau Program Statement 4500.12-14.9(a) states in part that "an inmate's exclusion from participation must be based on his/her individual history of behavior that could jeopardize the legitimate penological interests," and "inmates must not be excluded from participation based on general categorizations of previous conduct." Docket No. 7 at 2. Inmates whose offense, conduct, or other personal history indicates a propensity to offend through the use of email, or jeopardizes the safety, security, orderly operation of the correctional facility, or the protection of the public or staff, should be seriously considered for restriction." Bureau Program Statement 4500.12-14.9(a)(1).

### C.      The Magistrate Judge's Analysis

In preparing the report and recommendation, the magistrate judge considered several relevant cases. First, in *Waldrip v. Johnson*, civil action no. 18-cv-39, 2018 WL 814632 (W.D. La. Feb. 9, 2018), the plaintiff filed a *Bivens* action complaining that he had been denied access to TRULINCS while other similarly situated inmates had been granted such access. Docket No. 7 at 5. That court observed that the plaintiff had been convicted of sexual exploitation of children and stated that while prisoners may not be "categorically excluded from TRULINCS based on general categorizations of previous conduct, they may be excluded when their personal history shows that TRULINCS access could jeopardize legitimate penological interests." *Waldrip*, 2018 WL 814632, at \*2. The court determined that TRULINCS access is an institutional privilege and not a

constitutionally protected right, explaining that such "personal history" circumstances have been found where the inmate's offense behavior involved soliciting minors for sexual activity or using computers as a "conduit for committing illegal activities." *Id.* (citing *Gatch v. Walton*, civil action no. 13-cv-1168, 2013 WL 6405831 (S.D. Ill. Dec. 6, 2013) and *Larson v. Mejia*, civil action no. 3:15-cv-1012, 2015 WL 9243812 (N.D. Tex. Nov. 9, 2015)).

The magistrate judge also considered *Hammonds v. Federal Bureau of Prisons*, civil action no. 4:11-cv-578, 2012 WL 759886 (N.D. Tex. Mar. 7, 2012), where the plaintiff sought relief under the Administrative Procedure Act ("APA") and the Declaratory Judgment Act. Docket No. 7 at 5; *Hammonds*, 2012 WL 759886, at *1. In *Hammonds*, the plaintiff was similarly barred from participating in the TRULINCS electronic messaging system. *Hammonds*, 2012 WL 759886, at *1. There, the plaintiff had previous convictions for coercion and enticement of a minor, transfer of obscene materials to minors, and importation of transportation of obscene materials, but argued that there nevertheless was no evidence that giving him access to TRULINCS would threaten the safety, security, or orderly running of the institution or the protection of public and staff. *Id*. The court held that the APA and the Declaratory Judgment Act precluded judicial review because the Bureau had "broad discretion" to provide suitable quarters and care for inmates, including the provision of electronic messaging services. *Id* at *2.

Here, although Plaintiff complains he was denied equal protection due to his membership in an alleged identifiable group—sex offenders—the magistrate judge determined that a classification which categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class. Docket No. 7 at 6 (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998)). Thus, any classification of convicted sex offenders is only subject to rational basis review. *Id.* (citing *Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir.

2014); *Bell v. Woods*, 382 F. App'x 391, 392–93 (5th Cir. 2010) (sex offenders are not a suspect class and restrictions on Texas state inmate sex offenders from enrolling in computer courses was rationally related to legitimate penological interests).

The magistrate judge also considered that numerous courts have held that restricting sex offender inmates from access to TRULINCS is rationally related to legitimate penological interests. Docket No. 7 at 6 (listing cases). Accordingly, the magistrate judge determined that to the extent Plaintiff complains of a violation of equal protection, he has failed to state a claim upon which relief can be granted. *Id.*

Next, the magistrate judge considered Plaintiff's complaint that other inmates are allowed access to TRULINCS despite having been convicted of computer-related crimes such as fraud or money laundering. *Id.* However, Plaintiff failed to identify any of these inmates, and did not allege that any of these "other inmates" were convicted of sex crimes involving minors. *Id.* Furthermore, the magistrate judge determined that the Bureau Program Statement explicitly permits prohibiting access to TRULINCS when the inmate has a propensity to engage in sexually offensive behavior. *Id.*; *see also* BOP Program Statement 4500.12-14.9(a)(1). Here, Plaintiff committed sex crimes against minors through electronic means of communication. Accordingly, the magistrate judge determined that Plaintiff failed to show that restricting access to TRULINCS, while permitting phone access and letter writing, is not rationally related to legitimate penological interests or otherwise amounts to a constitutional violation. Docket No. 7 at 7.

Finally, the magistrate judge noted that although Plaintiff brought his lawsuit under *Bivens*, there are only three circumstances in which *Bivens* claims for damages can arise. *Id*. In *Bivens*, the Supreme Court held that a person claiming to be the victim of an unlawful arrest and search by federal agents could bring a Fourth Amendment claim against the responsible agents even though

no federal statute authorized such a claim. *Id.*; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395–96 (1971). In *Davis v. Passman*, 442 U.S. 228, 244-45 (1979), the Supreme Court recognized a claim for sex discrimination brought by a congressional staff member, and in *Carlson v. Green*, 446 U.S. 14, 18-21 (1980), the Court recognized a claim for failure to provide medical care to a prisoner in federal custody.

Beyond these three circumstances, the magistrate judge noted that the Supreme Court has cautioned against extending *Bivens* to new contexts. *Ziglar v. Abassi*, 582 U.S. 120, 145 (2017). And no court has extended *Bivens* to claims of denial of access to TRULINCS. *Clark v. True*, civil action no. 20-cv-00049, 2020 WL 9065788, at *3 (S.D. Ill. May 1, 2020) (*Bivens* has not been extended to First Amendment claims). The magistrate judge therefore declined to extend *Bivens* to this case.

## III.    Plaintiffs' Objections

In his objections, Plaintiff asserts that he should be allowed to file an amended complaint so as to "plead the facts under the appropriate statute." Docket No. 9 at 4. Plaintiff argues that he does not dispute that *Bivens* is inapplicable, but notes that he has asserted throughout the administrative appeal process that the denial was issued in "violation of established policy." *Id.* Plaintiff further states that he is challenging the way in which Bureau staff are implementing established agency rules, and that the APA permits an individual to bring suit for judicial review of a final agency determination. *Id.* at 5. Thus, Plaintiff argues that while he initially filed his case under *Bivens*, it is more appropriately reviewed under the APA.[1] *Id.* And while Plaintiff recognizes

---

[1] The Court notes that Plaintiff raised his APA-based arguments for the first time in his objections to the magistrate judge's report and recommendation. *See* Docket No. 9. Therefore, these arguments are not properly before the Court, and the Court is not required to consider them. *United States v. Armstrong,* 951 F.2d 626, 630 (5th Cir. 1992). However, because any amendment to Plaintiff's complaint will ultimately be futile, the Court addresses Plaintiff's arguments in full.

*Hammonds*, he maintains that it is not binding precedent and predates *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). *Id.* Consequently, Plaintiff argues that he should be allowed to file an amended complaint or a supplemental brief. *Id.*

## IV.   Analysis

The Fifth Circuit has interpreted the Supreme Court's decision in *Loper Bright* as follows:

> "In *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the Supreme Court overruled the deferential standard created by *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Under *Loper Bright*, we must " 'exercise [our] independent judgment in deciding whether an agency has acted within its statutory authority.' " *United Nat. Foods, Inc. v. NLRB*, 138 F.4th 937, 946 (5th Cir. 2025) (quoting *Loper Bright*, 603 U.S. at 412). While an agency's interpretation may not supersede the role of the judiciary in interpreting statutory meaning, " 'when a particular statute delegates authority to an agency consistent with constitutional limits, [we] must respect the delegation.' " *United Nat. Foods*, 138 F.4th at 946 (quoting *Loper Bright*, 603 U.S. at 412–13).

> When Congress has statutorily "delegate[d] discretionary authority to an agency, the role of the reviewing court under the APA is ... to independently interpret the statute and effectuate the will of Congress subject to constitutional limits." *Loper Bright*, 603 U.S. at 395. The reviewing court must "ensur[e] the agency has engaged in ' "reasoned decisionmaking" ' within [the] boundaries" of its delegated authority. *Loper Bright*, 603 U.S. at 395 (citing *Michigan v. EPA*, 576 U.S. 743, 750 (2015) (quoting *Allentown Mack Sales & Service, Inc. v. NLRB*, 522 U.S. 359 (1998))). In so doing, the reviewing court may consider an agency's statutory interpretation as " 'a body of experience and informed judgment to which courts and litigants may properly resort for guidance.' " *Loper Bright*, 603 U.S. at 394 (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944))."

*Shop Rite, Inc. v. United States Small Bus. Admin.*, slip op. no. 25-30028, 2025 WL 3188380 at *3 (5th Cir. Nov. 14, 2025). The *Shop Rite* court interpreted *Loper Bright* to permit a reviewing court to consider an agency's statutory interpretation based on, for example, that agency's "body of experience." *Id.* However, for the reasons stated below, because Plaintiff challenges the Bureau's Program Statement—an internal agency guideline—and not the agency's interpretation of a statute, the APA and *Loper Bright* do not apply.

This case is similar to *Lewandowski v. Bureau of Prisons*, civil action no. 19-15710, 2021 WL 5937671 (D.N.J. Dec. 16, 2021). In *Lewandowski,* the plaintiff was convicted of sexual

exploitation of a minor for the purpose of producing child pornography and transportation of child pornography. 2021 WL 5937671, at *1. While incarcerated, the plaintiff requested permission to use TRULINCS, but the request was denied due to the nature of his conviction. *Id.* at *2. The plaintiff brought suit under the APA, asserting that the decision to deny him access to TRULINCS was arbitrary and capricious. *Id.*

In granting the Government's motion to dismiss, the *Lewandowski* court explained that the APA waives the sovereign immunity of the United States and allows for judicial review of federal agency actions in some circumstances. *Id.* at *3 (internal citation omitted). A person suffering a legal wrong because of a final agency action is "entitled to judicial review under the APA unless (1) statutes preclude judicial review; or (2) the agency action is committed to agency discretion by law. *Id.* (citing 5 U.S.C. §§ 701(a)-702). The agency discretion exception applies where "the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Id.* (internal citation omitted). The agency discretion exception also bars claims based on "day to day management decisions if those decisions require judgment as to which of a range of permissible courses is wisest." *Id.* (internal citation omitted).

The *Lewandowski* court explained that the Bureau of Prisons created and operates TRULINCS under the authority granted in 18 U.S.C. § 4042(a)(1), which grants the Bureau authority to manage and regulate all federal penal and correctional institutions. *Id.* Because there are no specific guidelines, the court determined that the agency discretion exception applies, and the Bureau has broad discretion in fulfilling its responsibilities and implementing § 4042. The court then explained:

> "In other words, because § 4042(a) addresses only the general responsibilities of the BOP, "[t]he absence of specific guidelines of appropriate conduct ... in administering these duties ... leaves judgment or choice to BOP officials." *Scrima v. Hasty*, 1998 WL 661478, at *2–3 (S.D.N.Y. 1998); *cf.* [*Gentile v. Securities & Exchange Commission*, 974 F.3d 311, 319 (3rd Cir. 2020)] ("And

without judicially manageable standards to evaluate those considerations, an agency decision to investigate is similarly committed to agency discretion by law."). "Nor has Congress by statute or the [BOP] by regulation articulated specific standards governing a decision" to provide or deny TRULINCS access. *Gentile*, 974 F.3d at 319.

In his brief, Plaintiff relies on BOP Program Statement 4500.12 to challenge his denial, but "Program Statements are 'internal agency guidelines,' rather than 'published regulations subject to the rigors of the Administrative Procedure Act,' ... and thus [they] 'do not create entitlements enforceable under the APA.' " (internal citations omitted).

"Rather, Program Statements "can be altered at will," and are "not subject to rule-making proceedings so as to create a right under the [APA].' " (internal citations omitted).

*Lewandowski*, 2021 WL 5937671 at *4. Accordingly, the *Lewandowski* court determined that the plaintiff could not challenge the decision to deny access to TRULINCS under the APA. *Id.* at *6.

Here, Plaintiff similarly relies on Bureau Program Statement 4500.12, and as the *Lewandowski* court explained, this program statement does not create an entitlement enforceable under the APA. Such program statements are internal agency guidelines, rather than published regulations subject to the "rigors of the Administrative Procedure Act," and therefore "do not create entitlements enforceable under the APA." *Id.* at *4.

While Plaintiff invokes *Loper Bright*, that case changed the Court's role in reviewing an administrative agency's interpretation of a statute and held that a court may not, under the APA, defer to an agency's interpretation of the law simply because the statute is ambiguous. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 369 (2024). But the challenges contemplated by *Loper Bright* must pertain to a regulation put in place by the administrative agency that is being challenged under the APA. And there must be some ambiguity in the statute the agency administers that calls into question the validity of the regulation challenged. *See, e.g.*, *Ashby v. Warden*, civil action no. BAH-24-1663, 2025 WL 2494326, at *4 (D. Md., Aug. 29, 2025); *Williams v. FCI Beckley Warden*, civil action no. 5:25-cv-189, 2025 WL 4033845, at *4 (S.D. W.Va., Nov. 19, 2025).

Here, however, the program statements are not "regulations" within the meaning of *Loper*

*Bright* and were not promulgated under the APA. Rather, they are internal agency guidelines which are akin to interpretive rules. *Reno v. Koray*, 515 U.S. 50, 61 (1995); *see also Doyle v. Harrison*, civil action no. 2:25-cv-3026, 2026 WL 196476, at *2 (W.D. Tenn. Jan. 26, 2026); *Lewandowski v. Bureau of Prisons*, civil action no. 19-15710, 2021 WL 5937671, at *4 (D.N.J. Dec. 16, 2021) ("Program Statements 'can be altered at will,' and are 'not subject to rule-making proceedings so as to create a right under the [APA]"); *Dunlea v. Fed. Bureau of Prisons*, civil action no. 3:10-cv-214, 2010 WL 1727838, at *2 (D. Conn., Apr. 26, 2010).

Because Bureau Program Statements are not subject to challenge under the APA, Plaintiff's comparison to *Loper Bright* is inapposite. Accordingly, Plaintiff has not shown that he can mount a viable challenge against the Bureau's rules regarding TRULINCS under the APA. Any attempt to amend would thus be futile. Plaintiff's objections are therefore without merit. Accordingly, it is

**ORDERED** that the report and recommendation of the magistrate judge (Docket No. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**So ORDERED and SIGNED this 11th day of May, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE